

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00050-CV
_____


IN THE INTEREST OF A.M.R., A CHILD



On Appeal from the 468th Judicial District Court
Collin County, Texas
Trial Court No. 468-56100-2016



Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

Pending before this Court is Appellant Melody Su Rivas's notice of inquiry. In her notice, Rivas contends that at least two exhibits are missing from the record. According to Rivas, the record should include an agreed order (Exhibit 1), a paternity test (Exhibit 2), and temporary orders (Exhibit 3). The only exhibits attached to the originally filed reporter's record were two photocopies of photographs. It appears that the paternity test (Exhibit 2) was filed in a supplemental reporter's record, but the other two exhibits have not been filed in this Court. Rivas maintains that she, through counsel, asked the court reporter about the missing exhibits but did not receive a satisfactory response.

Since Rivas has raised issues regarding the accuracy of the record after it has been filed in this Court, we will submit this dispute to the trial court for resolution under Rules 34.5(e) and 34.6, subsections (e) and (f), of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.5(e), 34.6(e), (f). We hereby abate this matter to the trial court to conduct an evidentiary hearing pursuant to Rules 34.5(e) and 34.6, subsections (e) and (f), for the purposes of (1) determining whether all portions of the record to which the parties are entitled have been provided to them and filed with this Court and (2) identifying and correcting, if possible, any inaccuracies or deficiencies in the reporter's record.

We instruct the trial court to conduct an evidentiary hearing within fifteen days of the date of this order and to enter findings regarding the following:

1. Precisely what portions of the record Rivas (or any other party) claims are missing and/or what parts of the record Rivas (or any other party) claims are inaccurate.

2.      For each error or omission identified in response to number 1 above, whether the issue can be resolved by agreement as contemplated by Rules 34.5(e) or 34.6(e)(1) of the Texas Rules of Appellate Procedure.

3.      If such error or omission can be corrected by agreement, then the trial court is instructed to take steps to ensure that the record is corrected in accordance with the parties' agreement.

4.      If such error or omission cannot be corrected by agreement, then the trial court is instructed to take the steps outlined in Rules 34.5(e) and 34.6(e)(2) of the Texas Rules of Appellate Procedure to resolve the dispute and correct the record.

5.      For each error or omission identified in response to number 1 above, whether any missing exhibit or portion of the record has been lost or destroyed as contemplated by Rules 34.5(e) and 34.6(f) of the Texas Rules of Appellate Procedure.

6.      For each exhibit or portion of the record that is determined to be lost or destroyed, if any, the trial court is instructed to take evidence on and enter findings regarding each of the four factors set out in Rule 34.6(f) of the Texas Rules of Appellate Procedure and to enter recommendations regarding whether the appellant is entitled to a new trial as a result of the lost or destroyed exhibit or portion of the record.

7.      We also request that the trial court make any additional findings that it believes will be helpful to this Court in fully and finally resolving all issues related to the record in this matter.

The trial court's findings, as set forth above, shall be entered into the record of the case and filed with this Court as a supplemental clerk's record within ten days of the date of the hearing. The reporter's record of the hearing, and any certified corrections to the reporter's record under Rule 34.6(e)(2), shall be filed in the form of a supplemental reporter's records within ten days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental record. We withdraw the current briefing deadline and will establish a new briefing schedule once the case is returned to our jurisdiction from abatement.

IT IS SO ORDERED.

BY THE COURT

Date: December 17, 2020

4